IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christopher Spencer, | ) | Case No. 4:24-cv-04654-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lieutenant Imani Harrison and Robert Mims, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Magistrate Judge's Report and Recommendation ("Report"). ECF No. 73. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On May 14, 2025, Defendants filed a motion for summary judgment. ECF No. 64. Plaintiff filed a letter on June 16, 2025. ECF No. 71. On July 11, 2025, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted. ECF No. 73. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report, and Defendants filed a reply. ECF Nos. 75, 77.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Briefly, Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 for failure to protect. As noted above, Plaintiff filed a letter in response to the motion for summary judgment; however, the Magistrate Judge reviewed the merits of this action. Upon such review, the Magistrate Judge recommends granting the motion for summary judgment as to the claim for failure to protect and finding that Defendants are entitled to qualified immunity. As Plaintiff filed objections, the Court's review has been de novo.

The Court next turns to a claim that is not contained in the complaint. In his letter filed after the Report, Plaintiff asserts that his access to the law library and his ability to prepare a response to the motion have been curtailed in retaliation for filing this lawsuit. The Magistrate Judge declined to consider the argument because it was raised for the first time in response to the motion for summary judgment. Upon thorough review of the complaint and in light of the liberal construction applicable to pro se filings, the Court agrees that Plaintiff has not properly presented a claim for retaliation or lack of access to courts. In the complaint, Plaintiff makes certain allegations regarding exhaustion of administrative remedies; however, there has been no finding that he failed to exhaust his administrative remedies. Beyond those assertions, Plaintiff has not alleged a lack of access to the law library in retaliation for filing this lawsuit. *See* ECF No. 1. Therefore, the Court finds that the Magistrate Judge properly declined to address this claim. *See Lugo v. Wilson*, No. 3:17CV801, 2018 WL 6683946, at *2 (E.D. Va. Nov. 15, 2018), *report adopted,* 2018 WL 668[1]1199 (E.D. Va. Dec. 19, 2018) ("To the extent that Lugo seeks to add vague, new claims in his Response in Opposition, the Court notes that Lugo cannot add new claims by a passing reference in this submission." (citing *Snyder v. United States*, 263 F. App'x 778, 779–80 (11th Cir. 2008); *Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007))); *Muhammad v. Ramirez*, No. 0:17-CV-02639-TMC, 2020 WL 241004, at *1 (D.S.C. Jan. 16, 2020) (holding that a retaliation claim raised for the first time in response to a motion for summary judgment will not be

---

[1] The decision not to address retaliation in this case does not preclude Plaintiff from filing another lawsuit based upon these allegations if appropriate.

3

considered (citing *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007))); *Jones v. W. Virginia Div. of Corr. & Rehab.*, No. 3:22-CV-00366, 2024 WL 2228968, at *6 (S.D.W. Va. Feb. 13, 2024), *report adopted in relevant part*, 2024 WL 1637534 (S.D.W. Va. Apr. 16, 2024) ("Therefore, in evaluating Defendants' motion for summary judgment, the undersigned will not consider the new claims and allegations Jones included in his response." (citing *Harris v. Reston Hosp. Ctr., LLC*, 523 F. App'x 938, 946 (4th Cir. 2013))).

Turning to Plaintiff's failure to protect claim, Plaintiff states that he should be compensated for his injuries and that being stabbed 9 times was not a part of his prison sentence. ECF No. 75 at 1. While the majority of his objections concern his retaliation claim, the Court has, nevertheless, considered the remaining portion of the Report de novo. Upon such consideration, the Court agrees with the recommendation of the Magistrate Judge. A claim for failure to protect is analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment. To establish such a claim, a plaintiff must demonstrate a serious deprivation of his rights and that the prison official was deliberately indifferent to his health and safety. *Raynor v. Pugh*, 817 F.3d 123, 127–28 (4th Cir. 2016). First, Plaintiff certainly meets the first requirement as there is no doubt he suffered a serious injury. However, as explained in more detail in the Report, there is no evidence that either Defendant was subjectively aware that Plaintiff's roommate was likely to attack him. Further, Defendant Harrison's decision not to enter the cell while she

4

called for assistance was reasonable and not indicative of deliberate indifference.[2]  The Court further agrees that Defendants are entitled to qualified immunity as set forth by the Magistrate Judge.  *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

## CONCLUSION

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendations of the Magistrate Judge as amended.  Defendants' motion for summary judgment [64] is **GRANTED**.  The motion to consolidate [49] is **FOUND as MOOT**.[3]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

November 17, 2025
Spartanburg, South Carolina

---

[2] The Court amends the portion of the Report wherein the Magistrate Judge states that "[e]vidence has not been submitted to contest Harris[]on's assertion that she only left the front of the cell to allow the A-Team to enter the wing."  ECF No. 73 at 9.  Plaintiff has provided the sworn statements of three witnesses who all aver that Harrison left the unit.  ECF Nos. 1-1 at 9–10; 36-1 at 1.  However, in light of all of the other evidence in the record, this issue of fact is not material.

[3] After he filed objections, Plaintiff filed a motion for copies.  ECF No. 78.  The Court denied the motion and noted that he requested copies of all documents in this case, that he provided no reason for the request, and that there was no deadline pending in this case such that the copies would be necessary.  ECF No. 79.  On October 16, 2025, Plaintiff filed a letter clarifying that he wants the copies "for future litigation purposes" and limits the documents requested to his documents.  ECF No. 81.  In light of the clarification, the Court directs that the Clerk of Court mail Plaintiff copies to ECF Nos. 1, 2, 3, 16, 27, 28, 29, 36, 42, 43, 44, 45, 67, 71, 75.  Plaintiff is warned that another such request is unlikely to be granted as the production of these documents is costly and time-consuming and this matter has concluded.  The Court specifically notes that Plaintiff does not state that he requires the documents to file supplemental objections or request additional time to file objections.

5

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.